|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Petitioner,<br>  vs.<br><br>MANUEL MEDINA,<br><br>                            Respondent. | CASE NO. 06cv1287-IEG(BLM)<br><br>Order Discharging Civil Contempt |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

      Pursuant to the parties' stipulation, on April 13, 2007, the Court filed an order finding Respondent Manuel Medina in contempt and ordering him to use all reasonable efforts to produce the remaining documents called for by the IRS summons.  On May 30, 2007, Mr. Medina filed a status report and declaration outlining his efforts to obtain additional documents.  On June 12, 2007, Mr. Medina filed a supplemental declaration regarding his efforts.

      On July 3, 2007, the government filed a response arguing Mr. Medina had <u>not</u> made reasonable efforts to produce all remaining responsive documents.  In particular, the government continues to seek documents regarding other trusts and/or accounts associated with Mr. Medina's Prosper International account in Nassau, Bahamas.  On July 19 and 23, 2007, Mr. Medina filed a response and declaration to the government's filing.  Upon review, the Court concludes no further hearing is necessary.

      Mr. Medina has provided the government with a copy of his Prosper International Trust Statement for the period of February 4, 1999 through December 31, 2006 with regard to trust

1  number 20128.  That statement is attached to the Declaration of Manuel Medina, filed on June 12,
2  2007.  The government argues the trust statement indicates activity between trust number 20128
3  and other trusts and/or accounts including a Freedom Charge Card with AvantGuard Bank.  The
4  government seeks documents regarding these other accounts.

5  In response to the government's arguments, Mr. Medina filed another declaration on
6  July 23, 2007 stating he has made phone calls and sent e-mails to Mr. Pierre Gauthier, Managing
7  Director of Prosper International and Alliance Asset Management trying to obtain copies of
8  documents relating to the additional trusts referenced on the statement he provided to the
9  government.  Mr. Medina has also contacted a couple Panamanian lawyers to try to obtain those
10 documents.  Mr. Medina states he does not own, and is not a beneficiary of, the trusts referred to
11 by the government which are reflected on the statement for his trust number 20128.  Mr. Medina's
12 claim of lack of ownership or beneficial interest in these other accounts is confirmed by Mr.
13 Gauthier's declaration, filed on July 23, 2007.  Because he is not an owner or beneficiary of the
14 other referenced accounts, Mr. Medina argues he is not able to obtain copies of any documents
15 regarding those accounts.  Mr. Medina also states there is no other account associated with his
16 Freedom Charge Card, and he has no separate account with AvantGuard Bank.  Again, Mr.
17 Gauthier, as former manager of AvantGuard Bank, attests that Mr. Medina did not have any type
18 of account with that bank.

19 In light of the trust statement produced by Mr. Medina, and the declarations provided by
20 Mr. Medina and Mr. Gauthier, the Court is persuaded that Mr. Medina has made all reasonable
21 efforts to obtain documents responsive to the IRS summons.  If the government wishes to take
22 further testimony from Mr. Medina to inquire regarding the source of the money transferred to or
23 from the referenced trusts and/or accounts, or the owner of such accounts, it may do so.  However,
24 the Court at this time DISCHARGES the finding of civil contempt.

25 **IT IS SO ORDERED**.
26 **DATED:  August 2, 2007**

27
28 **IRMA E. GONZALEZ, Chief Judge**
   **United States District Court**